IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00037-WYD-KLM

BETHANY ATKINS,

    Plaintiff,

v.

HCA-HEALTHONE, LLC, a Colorado limited liability company doing business as Rose Medical Center,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Administrative Closure or, in the Alternative, Motion to Stay Proceedings** [#4][1] (the "Motion"). Defendant filed a Response [#7] in opposition to the Motion, and Plaintiff filed a Reply [#8] in further support of the Motion. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion has been referred to the undersigned for a recommendation[2] regarding disposition [#6]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below,

---

    [1] "[#4]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

    [2] Pursuant to D.C.COLO.LCivR 41.2, "[a] district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively . . . ." Accordingly, because the undersigned is not exercising consent jurisdiction and concludes that administrative closure is appropriate in this case, such action must be recommended to the District Judge.

the Court respectfully **RECOMMENDS** that the Motion [#4] be **GRANTED** and that this case be administratively closed pursuant to D.C.COLO.LCivR 41.2.

## I. Background

Plaintiff filed this case on January 6, 2014, alleging that Defendant discriminated against her when it terminated her employment after she took leave pursuant to the Family Medical Leave Act ("FMLA"). *Compl.* [#1] ¶1.

Plaintiff filed the instant Motion the following day. *See generally Motion* [#4]. In the Motion, Plaintiff asks the Court to administratively close this case pursuant to D.C.COLO.LCivR 41.2 or, in the alternative, to stay all proceedings pending completion of an investigation by the Equal Employment Opportunity Commission ("EEOC") of Plaintiff's Title VII and Americans With Disabilities Act charges of discrimination filed against Defendant. *Id.* at 1-2. Plaintiff argues that "because the statute of limitations on [her] FMLA claims is about to expire, she was forced to file suit to preserve her claims." *Id.* at 2. In addition, she argues that the "FMLA claims arise out of the same body of facts as outlined in her EEOC Charges; therefore, it would be wasteful and inefficient to litigate the FMLA claims while awaiting the conclusion of the EEOC's investigation." *Id.* Plaintiff states that "[s]hould this case not otherwise resolve at the EEOC, [she] will seek to reopen this matter for good cause as permitted by the local rule." *Id.*

Defendant does not oppose a three-month stay of this action. *Response* [#7] at 1. However, Defendant opposes administrate closure or imposition of a stay for longer than three months. *Id.* at 2. Defendant argues that "[a] significant delay of this case unfairly prejudices Defendant because its witnesses may change employment and/or are more

likely than Plaintiff to have difficulty remembering facts upon which only Plaintiff has been fixated." *Id.* at 1-2. Defendant requests that, if the Court orders the case to be administratively closed, that the Court also order that the "case be automatically dismissed with prejudice absent a motion to reopen for 'good cause' within thirty (30) days of the EEOC's issuance of a Notice of Right to Sue letter to Plaintiff." *Id.* at 2 (citation omitted).

In her Reply, Plaintiff argues that Defendant's arguments against administrative closure are "commonplace [concerns] in litigation, including employment cases." *Reply* [#8] at 1. Plaintiff further argues that Defendant had several opportunities to investigate her claims and to preserve evidence. *Id.* at 1-2. Specifically, she notes that she notified Defendant of her FMLA claim as early as June 2013 and that filing her Charge of Discrimination with the EEOC in March 2014 put Defendant on notice as to her other potential claims. *Id.* Plaintiff maintains that Defendant's request that a 30-day deadline be imposed in this case is not appropriate because "the EEOC sometimes fails to send the Right to Sue letter to a Charging Party's counsel." *Id.* at 2. Plaintiff therefore asks the Court to instead time any deadline to re-open from the date her counsel receives the Right to Sue letter. *Id.*

## II. Analysis

Here, Plaintiff seeks administrative closure or, in the alternative, a stay of all proceedings. *Motion* [#4] at 1. As a result, the Court will analyze the Motion as though it seeks only a stay of proceedings. If the Court determines that a stay is warranted, and because administrative closure is "the practical equivalent of a stay," *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987), the Court will then determine whether administrative closure is appropriate in this case.

3

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to enter a stay. *Compare Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *with Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012) (granting stay of proceedings). The "[C]ourt has inherent power to stay proceedings 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Ellis*, 2012 WL 6153513, at *1 (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) (observing that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance")); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 804 (Fed.Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C.2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation marks and citation omitted)); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (finding that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may

4

be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that staying discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, a stay would apparently not prejudice Plaintiff, as she requests this relief. Therefore, the Court finds that the first *String Cheese Incident* factor weighs in favor of a stay.

With regard to the second factor, Defendant does not oppose a three-month stay of all proceedings. *Response* [#7] at 1. However, Defendant argues that it will be prejudiced if the case "linger[s] indefinitely" because witnesses may change employment or they may forget information relating to its defense of Plaintiff's claims. *Id.* at 1-2. The Court

5

understands Defendant's position, but agrees with Plaintiff that this is true in every lawsuit. In addition, as Plaintiff notes, *Reply* [#8] at 1-2, Defendant has notice of Plaintiff's claims and is not precluded from taking steps to preserve information informally at any time. However, while the Court does not find Defendant's arguments persuasive, because Defendant opposes a stay of any longer than three months and it is possible that there could be some burden imposed on Defendant, the Court finds that the second *String Cheese Incident* factor weighs against a stay.

With regard to the third factor, it is certainly more convenient for the Court to enter a stay to allow the EEOC to complete its investigation. The Court agrees with Plaintiff that because all of her claims against Defendant "arise out of the same body fo facts," *Motion* [#4] at 2, it would be more efficient for the Court to hear all of her claims in one lawsuit. The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay.

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor of nor against a stay.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Allowing the EEOC to complete its investigation and to issue a Right to Sue letter to Plaintiff may lead to a more efficient adjudication of her claims and, therefore, serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

Taking these factors into consideration, the Court concludes that a stay of all proceedings in this case is appropriate while the EEOC completes its investigation. The

Tenth Circuit has construed an administrative closure to be "the practical equivalent of a stay." *Quinn*, 828 F.2d at 1465 n.2 (10th Cir.1987). In *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389 (1st Cir. 1999), the First Circuit explained the nature of administrative closure as follows:

> Administrative closings comprise a familiar, albeit essential ad hoc, way in which courts remove cases from their active files without making any final adjudication. The method is used in various districts throughout the nation in order to shelve pending, but dormant, cases.

*Id.* at 392 (internal citations and quotation marks omitted). The First Circuit further explained that "an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository [and] . . . d[oes] not terminate the underlying case, but, rather, place[s] it in inactive status until such time as the judge, in his discretion or at the request of a party, cho[o]se[s] either to reactivate it or to dispose of it with finality." *Id.*

This Court routinely administratively closes cases pursuant to D.C.COLO.LCivR 41.2 when a case would otherwise be stayed for an indefinite period of time. *See, e.g., Mauchlin v. Zhon*, No. 12-cv-01449-RM-BNB, 2015 WL 479042, at *1 (D. Colo. Feb. 3, 2015) (administratively closing case "subject to reopening for good cause subsequent to Plaintiff's vision problems being addressed"); *San Juan Cable LLC v. DISH Network LLC*, No. 14-mc-00261-RM-MJW, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015) (administratively closing case "to be reopened only if the U.S. District Court for the District of Puerto Rico refers a related enforcement matter to this Court"); *Workalemahu v. Heritage Club*, No. 14-cv-02396-RM-MEH, 2015 WL 293261, at *1 (D. Colo. Jan. 21, 2015) (administratively closing case pending arbitration). Here, neither party offers any information about the EEOC's

investigation or when they anticipate the EEOC will issue a Right to Sue letter to Plaintiff. As a result, the Court cannot determine when the stay may be lifted. As a result, the Court agrees with Plaintiff that this case should be administratively closed pursuant to D.C.COLO.LCivR 41.2 pending the EEOC's completion of its investigation.

### III. Conclusion

For the reasons stated above

IT IS RESPECTFULLY **RECOMMENDED** that the Motion [#4] be **GRANTED** and that this case be administratively closed pursuant to D.C.COLO.LCivR 41.2.

IT IS FURTHER **RECOMMENDED** that Plaintiff be ordered to file a motion to reopen this case for good cause within 30 days of receipt of a Right to Sue letter from the EEOC.[3]

Dated: February 20, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[3] Plaintiff requests that the deadline be timed from when her attorney receives the Right to Sue letter. *Reply* [#8] at 2. However, the Court does not draw a distinction between Plaintiff and her counsel. If Plaintiff receives a Right to Sue letter it is her responsibility to promptly provide it to her attorney.