IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00037-WYD-KLM

BETHANY ATKINS,

    Plaintiff,

v.

HCA-HEALTHONE, LLC, a Colorado limited liability company doing business as Rose Medical Center,

    Defendant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Leave to File Amended Complaint and Jury Demand** [#16][1] (the "Motion to Amend"); the **Motion to Withdraw Pursuant to D.C.COLO.LAttyR 5(b)** [#17] (the "First Withdrawal Motion"), filed by Laura E. Schwartz ("Schwartz"), counsel to Plaintiff; and the **Amended Unopposed Motion to Withdraw Pursuant to D.C.COLO.LAttyR 5(b)** [#19] (the "Second Withdrawal Motion"), filed by Attorney Schwartz.

    As an initial matter, the Motion to Amend [#16] does not state whether the requested relief is opposed.  *See* D.C.COLO.LCivR 7.1(a) ("Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.").  However, because Plaintiff will be proceeding pro se, as discussed below, the Court will not deny the Motion to Amend and will, instead, order Defendant to either file a Status Report informing the Court that it does not oppose the requested relief or a Response on or before June 18, 2015, in accordance with D.C.COLO.LCivR 7.1(d) ("The responding party shall have 21 days after the date of service of a motion, or such lesser or greater time as the court may allow, in which to file a response.").

---

[1] "[#16]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this Minute Order.

1

In addition, the First Withdrawal Motion and the Second Withdrawal Motion request the same relief. As a result, the First Withdrawal Motion is moot.

Through the Second Withdrawal Motion, Attorney Schwartz seeks to withdraw as counsel to Plaintiff. *Second Withdrawal Motion* [#19] at 1. The Court finds that the Motion complies with the requirements set forth in D.C.COLO.LAttyR 5(b). Accordingly,

IT IS HEREBY **ORDERED** that the First Withdrawal Motion [#17] is **DENIED as moot** and the Second Withdrawal Motion [#19] is **GRANTED**.

IT IS FURTHER **ORDERED** that Attorney Schwartz is relieved of any further representation of Plaintiff in this case. The Clerk of the Court is instructed to terminate Attorney Schwartz as counsel of record, and to remove her name from the electronic certificate of mailing.

IT IS FURTHER **ORDERED** that if Defendant does not oppose the Motion to Amend, Defendant shall file a Status Report **on or before June 18, 2015**. If Defendant opposes the Motion to Amend, its Response shall be filed **on or before June 18, 2015**, in accordance with D.C.COLO.LCivR 7.1(d).

Because Plaintiff will now be proceeding pro se, the Court hereby notifies her that she is under a legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). To the extent that Plaintiff feels that she cannot bear the responsibility at this time, she may voluntarily dismiss her case without prejudice pursuant to Fed. R. Civ. P. 41(a). In order to more fully explain the responsibilities Plaintiff now bears as a pro se litigant, the Court has attached a letter as an exhibit to this Minute Order.

As a final matter, the Court reminds Plaintiff that if Defendant files a Response to the Motion to Amend, her Reply must be filed "no later than 14 days after the date of service of the response . . . ." D.C.COLO.LCivR 7.1(d).

Dated: June 9, 2015